UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED SAADET ALI FARA SHAH, aka Syed Mutsjab Shah,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 10-CV-0012-L<br>Criminal No. 02-CR-2912-L<br><br>**ORDER DISMISSING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>[Docket No. 184] |

On December 21, 2009, Petitioner, Syed Mutsjab Shah ("Petitioner") proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Court has reviewed the motion and the record and, for the reasons set forth below, will dismiss Petitioner's motion as untimely.

## BACKGROUND

On March 30, 2006, Petitioner pled guilty without a plea agreement to one count of conspiracy to distribute heroin and hashish in violation of 21 U.S.C. §§ 841(a)(1) and one count of conspiracy to provide material support to terrorists in violation of 18 U.S.C. §§ 2339B(a)(1) and (d). On September 25, 2006, this Court sentenced Petitioner to a term of imprisonment of 225 months.

On September 28, 2007, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

Petitioner's motion pursuant to 28 U.S.C. § 2255 was filed on December 21, 2009. In it, Petitioner contends he received ineffective assistance of counsel and that his conviction was obtained through a coerced confession.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for motions brought under 28 U.S.C. § 2255. The one-year period of limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner has not presented any evidence or argument suggesting there was any action taken by the government that created an impediment to his filing the motion, or that Petitioner is relying on a newly-recognized right. Further, Petitioner has not shown he did not discover the factual basis for his claims despite due diligence. Accordingly, the relevant trigger date for the statute of limitations as to this motion is the date Petitioner's judgment became final.

As noted above, the Ninth Circuit affirmed Petitioner's conviction and sentence by order dated September 28, 2007. Petitioner did not file a petition for certiorari. Under these circumstances, the one-year limitation period began to run when the time expired for filing a petition for certiorari contesting the appellate court's decision. *See Clay v. United States*, 537 U.S. 522, 532 (2003). That date was December 27, 2007, ninety days after entry of the Ninth Circuit's judgment. *See* Sup. Ct. R. 13(1); *Clay*, 537 U.S. at 525. Petitioner's instant motion was filed long after December 27, 2007, and there is nothing before the Court to support a finding the limitations period was tolled. Accordingly, Petitioner's motion is untimely.

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner's motion under 28 U.S.C. § 2255 was not filed within the applicable period of limitations. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: January 5, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

PETITIONER
U.S. ATTORNEY'S OFFICE