1

2

3

4

5

6

7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          Case No.:  02-cr-2912-L

12                        Plaintiff,
                                       **ORDER**
13   v.

14   SYED SAADET ALI FARA SHAH,

15                        Defendant.

16

17        Defendant Syed Saadet Ali Fara Shah ("Shah") filed a Motion to Vacate, Set Aside

18   or Correct Sentence pursuant to section 2255, which was denied on September 30, 2016,

19   by this Court. [ECF NOS. 184, 237.]  Defendant filed a notice of appeal in the Ninth

20   Circuit on March 9, 2017.  [ECF NO. 242.]

21        On April 13, 2017, the Ninth Circuit remanded the case to this Court noting that

22   Defendant's notice of appeal was filed past the 60 days allowed from entry of final

23   judgment to appeal, however, Defendant was not served with a copy of the final order

24   and judgment until February 21, 2017.   *U.S. v Shah*, No. 17-55322 at 1 (9th Cir. Apr. 13,

25   2017). The appellate court directed this Court to consider whether Defendant's notice of

26   appeal may be treated as a timely motion to reopen the time for appeal pursuant to

27   Federal Rule of Appellate Procedure 4(a)(6), and if so, whether relief should be granted.

28   (*Id*. at 2.)

                                          1

1    For the following reasons, the Court finds that Defendant's notice of appeal should

2   be treated as a timely motion to reopen the time for appeal.  Under Rule 4(a)(6):

3        The district court may reopen the time to file an appeal for a period of 14
         days after the date when its order to reopen is entered, but only if all the
4        following conditions are satisfied:

5        **(A)** the court finds that the moving party did not receive notice under
         Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order
6        sought to be appealed within 21 days after entry;

7        **(B)** the motion is filed within 180 days after the judgment or order is entered
         or within 14 days after the moving party receives notice under Federal Rule
8        of Civil Procedure 77(d) of the entry, whichever is earlier; and

9        **(C)** the court finds that no party would be prejudiced.

10

11   Fed. R. App.Pr.4(a)(6).

12       Defendant meets the first prong of Rule 4 because his section 2255 motion was

13   denied on September 30, 2016, however, Shah was not served with the final order and

14   judgment until February 21, 2017, 144 days after judgment was issued, clearly after the

15   21 days required under the Rule.  Defendant also meets the second criteria set forth in

16   Rule 4 as he filed a notice of appeal on March 9, 2017, 160 days after judgment was

17   entered.   In light of the fact that Defendant was not served with the judgment within 21

18   days of its entry, and he filed his notice of appeal within 180 days after judgment was

19   entered, he has met the timing criteria set forth in Rule 4(a)(6).

20       Moreover, no party will be prejudiced by Defendant's filing of his notice of appeal,

21   as the government will have ample opportunity to respond to the issues raised in

22   Defendant's appeal. This result comports with Federal Rule of Civil Procedure 77(d)

23   which requires that a court clerk immediately serve notice of an order of judgment but

24   specifies that "[l]ack of notice of the entry does not affect the time for appeal." Fed. R

25   Civ. P. 77(d).

26   //

27   //

28

2

1       For the foregoing reasons, the Court determines that Defendant's notice of appeal

2 may be treated as a timely motion to reopen the time for appeal.

3       **IT IS SO ORDERED**

4

5 Dated:  May 9, 2017

6

7 Hon. M. James Lorenz

United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02-cr-2912-L